Matthew B. Jorden (PA SBN 209688)
Matt@ErieTrialLaw.com
ERIE TRIAL LAW
425 West 10th Street
Erie, PA 16502
Telephone: 814-315-9255
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FURHAVEN PET PRODUCTS, INC., Plaintiff | CASE NO.: 1:21cv342 |
| v. | COMPLAINT AND JURY DEMAND |
| CORRY AREA INDUSTRIAL DEVELOPMENT CORPORATION, CITY OF CORRY, and CORRY REDEVELOPMENT AUTHORITY, Defendants | |

### **COMPLAINT AND JURY DEMAND**

AND NOW, comes the Plaintiff, FurHaven Pet Products, Inc., by and through its attorney, Matthew B. Jorden, Esquire, for its complaint against the Corry Area Industrial Development Corporation, the Corry Redevelopment Authority, and the City of Corry, hereby states as follows:

### **JURISDICTION**

1. Plaintiff, FurHaven Pet Products, Inc. is a business corporation incorporated in the State of Washington and properly registered as a foreign business corporation in Pennsylvania.

2. Defendant, Corry Area Industrial Development Corporation (CAIDC) is a non-profit corporation incorporated in the State of Pennsylvania, with a registered address in Erie County, Pennsylvania.

3. Defendant, the City of Corry ("Corry"), is a third-class city incorporated in Erie County, Pennsylvania.

4. Defendant, Corry Redevelopment Authority ("CRA"), is a municipal authority incorporated under the laws of Pennsylvania located in the City of Corry, Erie County, Pennsylvania.

5. The Court has jurisdiction of this case pursuant to 28 U.S.C. § 1332.

6. The amount controversy exceeds, exclusive of interest and costs, the sum of $75,000.

7. The transaction and/or occurrence giving rise to the cause of action occurred in Erie County, Pennsylvania.

## COUNT I - BREACH OF CONTRACT

**FurHaven Pet Products, Inc. v. Corry Area Industrial Development Corporation**

8. The averments contained in Paragraphs 1 - 7 are incorporated herein by reference, as if fully set forth.

9. On or about January 1, 2021, a Lease Agreement was executed between the CAIDC and FurHaven, whereby the CAIDC agreed to lease a certain premises to FurHaven. A copy of the Lease Agreement is attached hereto as **Exhibit A** and incorporated herein by reference.

10. The Leased Premises has a known address of 844 East Columbus Avenue in the City of Corry, Erie County, Pennsylvania consisting of approximately 106,000 square feet of space "Leased Premises".

11.    The term of the Lease was to commence on April 1, 2021 and continue for 84 months unless earlier terminated upon conditions satisfied by the provisions of the Lease Agreement.

12.    During the negotiations of the Lease Agreement, the CAIDC understood that the Leased Premises did not provide sufficient space for FurHaven's operations. As a result, several agreements in favor of FurHaven were memorialized into the Lease Agreement for the purpose of inducing FurHaven to locate its operations in CAIDC's facility. Most relevant to this action is a provision found at Paragraph 3(b) of the Lease Agreement titled "Option to Expand Leased Premises." Paragraph 3(b) provides that FurHaven shall have the option, at any time during the first 12 months of the lease term, to expand the Leased Premises by 30,000 square feet, which expansion area shall be newly constructed and contiguous to the current Leased Premises.

13.    The Lease Agreement specified that the CAIDC was responsible for constructing improvements to the Leased Premises in accordance with the terms and conditions set forth in the Work Letter attached to the Lease Agreement. Furthermore, the expense of such improvements was to be paid by CAIDC.

14.    The Work Letter attached to the Lease Agreement, in pertinent part specifies that the CAIDC shall complete, among other things, an addition to the facility adjacent to the Lessee's current square footage, and the addition shall be approximately 30,000 square feet ("Expansion Project"). See Exhibit A Work Letter at Paragraph 1(b)(1).

15.    At Paragraph 2 of the Work Letter, it was specified that CAIDC would complete the Work Letter requirements with reasonable diligence.

16. The Work Letter attached to the Lease Agreement inherently operated to satisfy the notice requirements for FurHaven to exercise its option to expand the Leased Premises specified in Paragraph 3(b) of the Lease Agreement.

17. Following the execution of the Lease Agreement, the CAIDC and FurHaven discussed the time frame for completing the 30,000 square foot Expansion Project. Based on these discussions, it was understood and agreed that the CAIDC would make efforts to complete the Expansion Project for FurHaven's occupancy by September of 2021. After discussions with the CAIDC's engineer, it was determined that the final completion of the Expansion Project would be on or about November 25, 2021. Such representations of the construction and completion of the Expansion Project were submitted to FurHaven in April of 2021.

18. Based on information and belief, the CAIDC did advertise for bids for the construction of the Expansion Project.

19. It is believed and, therefore, averred that the CAIDC did not receive any bids on the initial advertising of the Expansion Project. As a result, CAIDC did cause to have a second advertisement for the bidding process on the Expansion Project.

20. Based on representations of the CAIDC, a single bid was received for the construction of the Expansion Project. Furthermore, it has been represented that the bid was approximately $800,000 over the budget unilaterally set by the CAIDC for the Expansion Project.

21. The CAIDC did reject the single bid received.

22. Following the bid rejection by the CAIDC, the CAIDC did inform FurHaven that it would not commence construction of the Expansion Project as required under the Work Letter

unless FurHaven contributed the approximately $800,000 amount to alleviate the budget concerns of the CAIDC.

23. The requirements of the Work Letter and the Lease Agreement regarding the 30,000 square foot Expansion Project to be completed by the CAIDC contained no condition precedent establishing a budget or cost limit that would alleviate the CAIDC's responsibilities under the Work Letter.

24. As a result, the CAIDC has admitted that it has unilaterally determined that it would not proceed with the Expansion Project and has violated the provision requiring the completion of the Expansion Project with reasonable diligence.

25. CAIDC has, therefore, breached the Lease Agreement and the terms of the Work Letter attached thereto by failing to construct or pursue the construction of the 30,000 square foot Expansion Project, as required by the Lease Agreement.

26. Despite requests by FurHaven for the commencement of the construction of the contemplated 30,000 square foot addition, the CAIDC has failed or refused to take any action to commence construction of the Expansion Project.

27. As a direct and proximate result of the CAIDC breach of contract and failure to construct the 30,000 square foot addition, FurHaven has been damaged, as alleged herein, and is entitled to recover:

    A. inducement damages and costs of moving its operations to the Leased Premises; and

    B. costs in the amount exceeding $600,000 representing the purchase price for an off-site facility to accommodate FurHaven's operations; and

  C. Ongoing costs of FurHaven including labor, materials, and inefficiency created by the requirement of operating in two facilities that was not part of the contemplations of the CAIDC and FurHaven at the time of the execution of the Lease Agreement; and

  D. lost profits; and

  F. interest; and

  H. Costs of suit; and

  G. attorney's fees.

WHEREFORE, the Plaintiff, FurHaven Pet Products, Inc., demands judgment in its favor and against the Corry Area Industrial Development Corporation in an amount in excess of $75,000 plus interest, costs of suit, reasonable attorney's fees, and such other relief as the Court deems appropriate.

## COUNT II - BREACH OF CONTRACT

### FurHaven Pet Products, Inc. v. the City of Corry

28. The averments contained in Paragraphs 1 - 27 are incorporated herein by reference, as if fully set forth.

29. It is believed and, therefore, averred that the CAIDC by agreement with the Corry maintains and operates the Leased Premises and enters into binding contracts for the Leased Premises including the Lease Agreement that is the subject of this cause of action.

30. It is believed and, therefore, averred that the CAIDC operates, maintains, and enters into lease agreements for the Leased Premises for the benefit of the Corry.

31. It is believed and, therefore, averred that the CAIDC operates as an agent for the Corry regarding the Leased Premises.

32. As a result, the Corry is liable for the actions of its agent, the CAIDC, including the breach of the Lease Agreement that is the subject of this case of action.

33. As a result, the Plaintiff, FurHaven, is entitled to recover damages from the Corry, which are more fully set forth in Paragraph 27 above, which is incorporated herein by reference, as if fully set forth.

WHEREFORE, the Plaintiff, FurHaven Pet Products, Inc., demands judgment in its favor and against the City of Corry in an amount in excess of $75,000 plus interest, costs of suit, reasonable attorney's fees, and such other relief as the Court deems appropriate.

## COUNT III - BREACH OF CONTRACT

### FurHaven Pet Products, Inc. v. Corry Redevelopment Authority

34. The averments contained in Paragraphs 1 - 33 are incorporated herein by reference, as if fully set forth.

35. It is believed and, therefore, averred that the CAIDC by agreement with the CRA maintains and operates the Leased Premises for the benefit of CRA and the CRA principle, the City of Corry, and enters into binding contracts for the Leased Premises including the Lease Agreement that is the subject of this cause of action.

36. It is believed and, therefore, averred that the CAIDC operates, maintains, and enters into lease agreements for the Leased Premises for the benefit of the Corry Redevelopment Authority.

37. It is believed and, therefore, averred that the CAIDC operates as an agent for the CRA regarding the Leased Premises.

38. As a result, the CRA is liable for the actions of its agent, the CAIDC, including the breach of the Lease Agreement that is the subject of this case of action.

39. As a result, the Plaintiff, FurHaven, is entitled to recover damages from the CRA, which are more fully set forth in Paragraph 27 above, which is incorporated herein by reference, as if fully set forth.

WHEREFORE, the Plaintiff, FurHaven Pet Products, Inc., demands judgment in its favor and against the Corry Redevelopment Authority in an amount in excess of $75,000 plus interest, costs of suit, reasonable attorney's fees, and such other relief as the Court deems appropriate.

Respectfully submitted,
ERIE TRIAL LAW

*/s/ Matthew B. Jorden*
Matthew B. Jorden, Esquire
Matt@ErieTrialLaw.com
ERIE TRIAL LAW
425 West 10th Street
Erie, PA 16502
Telephone: 814-315-9255

## **VERIFICATION**

I, Eric Heilborn, hereby certify that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief. I further understand that false statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

FurHaven Pet Products, Inc.

By: _/s/ Eric Heilborn_
Eric Heilborn, President

Date: 11-4-21